IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE,<br>*Plaintiff*,<br><br>v.<br><br>OFFICER HUDECK, OFFICER JAIME VARGAS, OFFICER MCCREARY, OFFICER HOLLAND, OFFICER HOLLIS, OFFICER VILLA, OFFICER DEXTER, OFFICER SEAY, OFFICER LOPEZ, OFFICER CAMERON OVERSTREET, THE HOUSTON POLICE DEPARTMENT, CITY OF HOUSTON, AND JOHN DOE<br>*Defendants*. | § § § § § § § § § § § § § § § § § § | Civil action no.: 4:23-cv-03048 |

**DEFENDANT CITY OF HOUSTON'S RESPONSE TO PLAINTIFF'S
OPPOSED MOTION FOR JOINDER OF ADDITIONAL PARTY PLAINTIFF**

TO THE HONORABLE JUDGE OF SAID COURT:

  Defendant City of Houston ("Houston") files this response to Plaintiff's opposed motion for joinder of additional party plaintiff [Doc. #37]. In support of said motion, the City of Houston would respectfully show the Court as follows:

1

**NATURE AND STAGE OF PROCEEDINGS**

1. This is a federal civil rights case stemming from the April 24, 2022, suicide of Dexter Ceasar. On August 31, 2023, Plaintiff filed her Original Complaint [Doc. #1]. On April 12, 2024, Plaintiff Tanisha Moore filed an Opposed Motion for Joinder of Additional Party Plaintiff [Doc. #37]. In Plaintiff's motion, Plaintiff request that Destiny Ceasar be joined as a Plaintiff "in her individual capacity for her claims of emotional distress under a bystander theory" [Doc. #37 at 47]. The City of Houston now files this response to Plaintiff's opposed motion for joinder of additional party plaintiff.

**SUMMARY OF THE ARGUMENT**

2. As an intial matter, Plaintiff has not alleged how Destiny Ceasar has standing to bring this stand-alone claim under a bystander theory. Plaintiff has not provided any caselaw to suggest that Destiny Ceasar is entitled to a bystander theory when she was not physically present or near the scene. Plaintiff has not provided any case law to suggest this Court has the authority to consider this claim. As the City of Houston will conclusively demonstrate, Destiny Ceasar has no standing or viable claim to bring against any named defendant, rendering Plaintiff's attempted joinder inappropriate.

**ARGUMENT AND AUTHORITIES**

**I. Plaintiff's Bystander Theory Fails to State a Claim Upon Which Relief Can be Granted.**

3. Destiny Ceasar has no standing and no viable cause of action against any defendant as the Fifth Circuit has determined that an independent bystander claim is not permitted. *Grandstaff v. Borger*, 767 F. 2d 161, 172 (5th Cir. 1985), quoting, *Baker v. McCollan*, 443 U.S. 137, 146 (1979)); *Khansari v. City of Houston*, 14 F.Supp. 3d 842, 863 (S.D. Tex. 2014) (mem. op.); *Harmon v. City of Arlington*, 16 F.4th 1159, 1168 (5th Cir. 2021).

4. In *Grandstaff,* bystander plaintiffs sought to recover damages "for their own emotional injuries suffered as bystanders when they witnessed the gunfire directed at [decedent] Grandstaff in his pickup truck." *Id.* The *Grandstaff* Court ultimately held that the bystander plaintiffs could not recover damages for emotional injuries because they did not have an independent cause of action under § 1983. *Id.* There is no consitutional right to be free from witnessing police action[1]. *Id.*

5. The court in *Khansari* concluded that Plaintiffs' claims for excessive use of force asserted against the individual officers should be dismissed for failure to state a claim because these bystander plaintiffs did not allege facts capable of showing that the police actions were directed at them or that they suffered a "seizure" as required for a violation of rights protected by the Fourth Amendment. *Id.* at 862. Similarly, the court in *Dantzler v. Hindman*, rejected claims of emotional injuries for observation of excessive force used against another person, "a bystander who is not the object of police action cannot recover for resulting injuries under § 1983. *Dantzler v. Hindman*, 2017 WL 6403043 *3 (W. D. Tex. 2017).

6. In the present case, Plaintiff has not alleged, nor can she, that Destiny Ceasar was present or near the scene when Dexter Ceasar committed suicide. Plaintiff has not alleged that Destiny Ceasar was subject to any police action. Notwithstanding the obvious deficiencies in Destiny Ceasar's claim, established case law has determined there is no cause of action for emotional distress under a bystander theory. Consequently, Destiny Ceasar is not entitled to joinder as she has no viable cause of action.

---

[1] The City does not concede that any officer shot decedent, as the publicly available video and autopsy report show Dexter Ceasar committed suicide.

### II.   Plaintiff's Bystander Theory Fails Under Texas Law

7.   Plaintiff has not indicated that she attempts to bring this cause of action under Texas state law. Plaintiff's motion provides no direction as to how she attempts to bring this claim. Despite Destiny Ceasar's inadequacies of bringing a bystander claim when she was not physically present or near the scene of the alleged incident, the City of Houston will demonstrate that under Texas law, Destiny Ceasar still has no viable claim.

8.   A Texas municipality may not be held liable for Texas common law causes of action unless the Texas legislature has waived its governmental immunity. *University of Texas Medical Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994). Immunity is only waived for claims brought under the TTCA, Tex. Civ. Prac. & Rem.Code §§ 101.001, *et seq. Id.* (citing *Lowe v. Texas Tech. University*, 540 S.W.2d 297, 298–99 (Tex.1976)). The TTCA also prohibits claims for intentional torts. *Id.* at 101.057. "The TTCA creates a limited waiver of sovereign immunity 'for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts." *Saen v. City of El Paso*, 637 F. App'x 828, 830-831 (5th Cir. 2016) (quoting *City of Watauga v. Gordon*, 434 SW.3d 586, 594 (Tex 2014)). Therefore, if a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA. *Id.* As a matter of law, an excessive use of force claim against a police officer "sounds in intentional tort." *Id.* at 830-831.

9.   Plaintiff has alleged a member of the SWAT team shot decedent in the head. This allegation is an intentional act and arises out of the same conduct that form the basis for the intentional tort claims under section 1983 against defendants for excessive force. As an excessive force claim is sound intentional tort, the claim is barred by governmental immunity under the TTCA. *Carnaby v. City of Houston,* 2009 WL 7806964, at *16 (S.D. Tex. Oct. 28, 2009), *aff'd*, 636 F.3d 183 (5th Cir. 2011). Destiny Ceasar is not entitled to joinder as the essence of the

complaint is an intentional tort for which immunity has not been waived. Consequently, there is no viable cause of action against any defendant for her claim of emotional distress under a bystander theory.

## CONCLUSION

For these reasons, Defendant City of Houston prays that Plaintiff's Motion for Joinder of Additional Party Plaintiff be denied, as established precedent prohibits any right to relief of this claim.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

Date: May 3, 2024         By:   */s/ Alexander Garcia*
                                Alexander Garcia
                                Assistant City Attorney
                                SBN: 24104429
                                FBN: 3852904
                                832.393.6293
                                alexander.garcia@houstontx.gov

                                CITY OF HOUSTON LEGAL DEPARTMENT
                                900 Bagby, 4th Floor
                                Houston, Texas 77002
                                832.393.6259 Facsimile
                                ***Attorney for City of Houston***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

T.J. Solomon Law Group, PLLC
Tanika J. Solomon
2120 Welch St.
Houston, TX 77019

                                         */s/ Alexander Garcia*
                                         Alexander Garcia