IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TANISHA MOORE** § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No.  4:23-cv-03048 |
| § | |
| **OFFICER HUDECK, OFFICER JAIME VARGAS,** § | |
| **OFFICER MCCREARY, OFFICER HOLLAND,** § | **JURY TRIAL DEMANDED** |
| **OFFICER HOLLIS, OFFICER VILLA,** § | |
| **OFFICE DEXTER, OFFICER SEAY,** § | |
| **OFFICER LOPEZ, OFFICER CAMERON** § | |
| **OVERSTREET, THE HOUSTON POLICE** § | |
| **DEPARTMENT, CITY OF HOUSTON, AND** § | |
| **JOHN DO** § | |
|     Defendants. § | |

**PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S  OPPOSED MOTION FOR JOINDER OF ADDITIONAL PLAINTIFF PARTY**

COMES NOW, Tanisha Moore, Plaintiff is the above-styled and numbered cause and files this Reply to Defendants' Response to Plaintiff Opposed Motion for Joinder of Additional Plaintiff Party (Doc. 38). In support of this claim, Plaintiff would show as follows:

I.

**THE COURT HAS SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

28 U.S. Code § 1367 provides: "…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties*"

Plaintiffs Motion for Joinder of an Additional Plaintiff Party seeks to join Destiny Ceasar for her state law claims for negligent infliction of emotional distress as a bystander arising out of *the same*

*case or controversy*. The exact same facts that give rise to Plaintiff Tanisha Moore's claim give rise to Destiny Ceasar's claims. In fact, Destiny Ceasar was mentioned several times in Plaintiff Tanisha Moore's Original Complaint.  The Court therefore can exercise its supplemental jurisdiction to hear Destiny Ceasar's state law claims and may join Destiny Ceasar as a Plaintiff.

II.

### DESTINY CEASAR CAN RECOVER FOR HER STATE LAW CLAIM AGAINST THE INDIVIDUAL OFFICERS

Defendant City of Houston opposes the joinder of Destiny Ceasar because she cannot recover against the municipality for negligent infliction of emotional distress as a bystander. However, the City of Houston is not the only Defendant. The Defendant Officers have been sued in their individual capacity. While it is true that Destiny cannot bring an action of her own under §1983 because there's no constitutional right to be free from witnessing police action, and she cannot bring an action against the City of Houston because it has not waived its immunity under the Texas Tort Claim Act, she CAN bring a claim against the remaining officer defendants. In fact, in *Grandstaff*, cited by Defendants as a reason that Destiny Ceasar would be unable to recover under a bystander theory against the municipality, the Court *did* uphold the judgment for damages against *the individual officers* for negligent infliction of emotional distress. Therefore, Destiny Ceasar is able to recover for negligent infliction of emotional distress as a bystander against the *individual officers*.

Furthermore, in deciding whether Destiny Ceasar has a claim for negligent infliction of emotional distress, a jury will have to assess the same exact facts, and the same exact actions of the officers, in reaching a decision as they will have to under Plaintiff Tanisha Moore's §1983 and wrongful death claims.

"Under Texas law, "[g]overnment employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith

as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653, 37 Tex. Sup. Ct. J. 980 (Tex. 1994). [*28] Official immunity is an affirmative defense; thus the Officer Defendants bear the burden of establishing all elements of the defense. *Id.*

The "good faith" element of the official immunity test is evaluated under the same standard that federal courts use for qualified immunity determinations under § 1983. *Mowbray v. Cameron County,* 274 F.3d 269, 280 (5th Cir. 2001). "Texas courts look to whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Id.* (quotation and citation omitted)." *Meadours v. Ermel*, Civil Action No. H-04-102, 2005 U.S. Dist. LEXIS 44131, at *27-28 (S.D. Tex. Aug. 10, 2005).

It therefore would be judicially efficient to join Destiny Ceasar as a Plaintiff party for her negligent infliction of emotional distress claims against the individual officers. It would also ensure consistent results. Otherwise, if Destiny Ceasar brings her bystander claim in state court, a jury in state court could find that the officers did not act in good faith, while a jury in federal court could find that they did have qualified immunity or vice versa. Plaintiff respectfully requests that the Court GRANT her Motion for Joinder of Additional Plaintiff Party and add Destiny Ceasar as a plaintiff for her bystander claims for negligent infliction of emotional distress.

### III.

### DESTINY CEASAR CAN STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS STATE LAW

Texas recognizes a bystander's ability to recover for negligent infliction of emotional distress in limited circumstances. "In order to recover on a bystander claim in Texas, a plaintiff is required to establish that:

(1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;

(2) The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff

>from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and
>
>(3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*United Services Auto. Ass'n v. Keith*, 970 S.W.2d 540, 542, 41 Tex. Sup. Ct. J. 928 (Tex. 1998) (citing *Freeman v. City of Pasadena*, 744 S.W.2d 923, 924, 31 Tex. Sup. Ct. J. 187 (Tex. 1988)).  *Thornton v. Home Depot U.S.A., Inc.*, No. A-04-CA-1039 AWA, 2006 U.S. Dist. LEXIS 49473, at *6-7 (W.D. Tex. July 17, 2006).

Destiny Ceasar can easily meet all of the elements. Destiny Ceasar was on Facetime with her brother throughout the entire altercation between Defendants and Dexter Ceasar.  Destiny Ceasar is Dexter Ceasars *twin sister* and is the sister that he repeatedly tells officers he is talking to as can be heard in the body cam footage that has been released. Destiny Ceasar witnessed shots strike her brother in the neck and shoulder and heard the final gunshot. She saw that the phone dropped and Dexter was no longer talking. The entire time that Destiny Ceasar was on the phone with her brother, she was on her way to the scene. She worked close by, within a 10-minute drive, and her manager drove her there. When she arrived, Dexter Ceasar's body was still in his car and had not yet been taken out and put in the ambulance. She remained at the scene for a significant amount of time, watching his body be pulled out and eventually placed in the ambulance and remaining for some period of time after that before going to the hospital. As a result of witnessing her brother Dexter Ceasar be shot by Defendants, in real time, Destiny suffered severe emotional trauma and it manifested itself in early labor; trouble sleeping; and trouble eating.

Destiny therefore was: (1) at the scene or located near it; (2) suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident; and (3) as his *twin sister* was closely related to the victim. The elements are flexible and as

technology advances, so to will the analysis of the factors. While watching a shooting on live tv does not count as contemporaneous observance of the accident, it has been commented that "There is no doubt that what constitutes "contemporaneous and sensory observance" of an accident will be affected by the development of technology. The Court can imagine a scenario in which a bystander can satisfy this element on such facts: a family member who is on a live video chat call with a loved one during a mass shooting, for instance, could plead contemporaneous and sensory observance of an accident that led to their loved one's injury or death." *White v. United States*, 471 F. Supp. 3d 780, 788 (W.D. Tex. 2020). Destiny Ceasar's situation is exactly as the Court in *White* predicted. She was a family member on a live video call with a loved one, when he was shot by officers. She therefore satisfies the contemporaneous and sensory observance of the injury. Furthermore, she arrived at the actual scene, not the hospital, before they began to drag his body out of the car. She was already aware of the injury, not because someone had told her, but because she had *actually observed* in real time the injury. As a sibling, she qualifies as a close relative. She therefore satisfies all the elements, to state a claim for which relief can be granted, and should be allowed to join as a Plaintiff party for her state law claims for negligent infliction of emotional distress. Plaintiff respectfully requests that the Court GRANT her Motion for Joinder of Additional Plaintiff Party and join Destiny Ceasar as a party Plaintiff for her bystander claims for negligent infliction of emotional distress.

## IV.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that her Motion for Joinder of Additional Party Plaintiff be GRANTED and Destiny Ceasar added as an additional party Plaintiff to join her claim for bystander negligent infliction of emotional distress. Plaintiff also asks for any other relief that this court deems just and equitable under the law.

Respectfully Submitted

T.J. Solomon Law Group, PLLC

*Shantelle Jones*

---

Tanika J. Solomon
Texas Bar No. 24055713
Shantelle L. Jones
Texas Bar No. 24136932
SDBN: 3866430
Email:  attorney@tjsololaw.com
            shantelle@tjsololaw.com
2120 Welch Street
Houston, TX 77019
Tel. (713) 640-5956
Fax. (713) 640-5944
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2024, I electronically served a copy of *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Join Additional Plaintiff Party* and this document has been served on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

Via the Court's electronic filing notification system:
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

*(signature)*

_____
Shantelle L. Jones