IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No.   4:23-cv-03048 |
| | § | |
| OFFICER HUDECK, OFFICER JAIME VARGAS, | § | |
| OFFICER MCCREARY, OFFICER HOLLAND, | § | JURY TRIAL DEMANDED |
| OFFICER HOLLIS, OFFICER VILLA, | § | |
| OFFICE DEXTER, OFFICER SEAY, | § | |
| OFFICER LOPEZ, OFFICER CAMERON | § | |
| OVERSTREET, THE HOUSTON POLICE | § | |
| DEPARTMENT, CITY OF HOUSTON, AND | § | |
| JOHN DO | § | |
|     Defendants. | § | |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
REPORT AND RECOMMENDATION**

COMES NOW, TANISHA MOORE, Plaintiff in the above-numbered cause, and files this Objection to Magistrate's Report and Recommendation. In support of Plaintiff's Objections, Plaintiff would show as follows:

**I.**

Plaintiff disagrees with the Magistrate's Report and Recommendation to grant Defendants Officers Motion to Dismiss, deny Plaintiff's Joinder of parties, and decline exercising supplemental jurisdiction of Plaintiff's state law claims. The Magistrate notes that Plaintiff has not filed an Amendment and recommends that Plaintiff's Request for Leave to Amend be granted because the Defendants will face no undue prejudice, and the pending deadlines are still far out. However, as the Magistrate notes, a Plaintiff can only amend if Court dismisses the complaint but does not terminate the action altogether. However, it is then recommended that every single Defendants Motion to Dismiss be Granted. Plaintiff can cure the deficiencies in the Complaint

with an Amendment. The crux of the arguments in favor of dismissal is that Plaintiff needs to clarify in the Complaint which officer took what actions rather than generally refer to "a Swat officer" or similar. At the time of filing the Complaint, Plaintiff did not have the first names of all the officers involved. Plaintiff since has obtained them and has been able to find out which officers were brought up before a grand jury for shooting their weapons in this incident. Plaintiff is able and willing to Amend her Complaint to specify each officer's actions and how it violated Mr. Ceasar's rights. Plaintiff, in her Response and Sur-Reply, laid out the fact of how each Defendant was involved and clarified her allegation. Plaintiff should be allowed to amend her complaint to be in harmony with her response and sur reply. However, in order to do so, the Defendants must not be dismissed from this case.

Plaintiff filed her lawsuit on August 18, 2023, 8 months before the statute of limitation would have occurred. By the end of December 2023, Defendants Motions to Dismiss and Plaintiff's Responses, Sur Replies and Request for Leave to Amend were filed. At that time, Plaintiff still had four months until the Statute of Limitations expired. However, it was not until August 2024 that the Magistrate's Recommendations and Findings were issued. The Statue of Limitation has passed. If Plaintiff's claims are dismissed before she is allowed to amend, then she will be prejudiced and have no recourse. Notably, the Magistrate never states that the video proves there is no way a jury could find excessive force was used or that Plaintiff failed to allege a constitutional violation. The deficiency noted is that there needs to be specificity as to which Defendant Officer did what in Plaintiff's Complaint. Plaintiff should not be denied justice because of an easily curable deficiency through an Amendment.

In Plaintiffs Response to the Defendants Motions to Dismiss, Plaintiff had requested that Defendants' Motions to Dismiss be struck for failure to comply with Judge Hanen's Local Rule

7(P) for failing to confer with Plaintiff before filing the Motion to Dismiss. The Magistrate's Recommendations do not address Plaintiff's Request to Strike Defendants' Motion to Dismiss. The Local Rule allows for the Motion to Dismiss to be struck without further notice when the rule is not complied with. Had Plaintiff been conferred with, Plaintiff could have amended the Compliant to specify the individual actions of each officer. Plaintiff, therefore, objects to the Magistrate's recommendation that the Motion to Dismiss be granted.

Should the Motions to Dismiss be denied, the Magistrate's recommendations regarding the state law claims be denied based on the Court refusing supplement jurisdiction because the federal claim had been dismissed will be moot and inaccurate. Plaintiff, therefore, objects to the findings and conclusions regarding state law claims.

In the same vein, should the Motions to Dismiss be denied or struck, then the Magistrate's findings and conclusions as to Plaintiff's Motion for Joinder of Additional Party will also be inaccurate because the basis of the recommendation for denial of the Motion is that it is moot because Magistrate recommends dismissing all federal claim. Plaintiff, therefore, objects to the Magistrate's Findings and Conclusions as to the recommendation that Plaintiff's Motion for Joinder of Additional Party be denied.

## II.

## Conclusion

Plaintiff is seeking justice for her son. Before filing suit, she attempted to find closure and answers through public information requests so she could see the entire body cam footage, not just the YouTube video with choice selections for the public. She sought the investigation report. Indeed, if her son had committed suicide, they would have run ballistics on the gun in addition to the officer's guns. Yet nothing is ever given to Plaintiff except a heavily redacted incident report

where the entire narrative of the review of the body cam footage reviewed is redacted. Plaintiff was not even provided the first names of the Officers until their training records were produced in response to the City's Motion to Dismiss, even though she had previously requested the information. A review of the video of the final shot from the convenience store support Plaintiff's claim that her son did not commit suicide; that he was shot to death and that even before that final gunshot wound, excessive force had been used. Plaintiff deserves to find closure, to seek justice and be allowed to grieve and move forward. If Defendants' Motions to Dismiss are granted before Plaintiff can amend to cure the deficiencies, justice will not have been served.

    Plaintiff therefore prays this Court allows Plaintiff to Amend her Complaint and Deny the Defendant Officers' Motions to Dismiss as moot. Alternatively, Plaintiff prays the Court Strike Defendant Officers' Motion to Dismiss and allow Plaintiff to Amend her Complaint so that justice may be done and for any other such relief the Court deems appropriate.

    Respectfully Submitted

    T.J. Solomon Law Group, PLLC

*/s/ Tanika J. Solomon*

_____
Tanika J. Solomon
Texas Bar No. 24055713
Shantelle L. Jones
Texas Bar No. 24136932
SDBN: 3866430
Email: attorney@tjsololaw.com
        shantelle@tjsololaw.com
2120 Welch Street
Houston, TX 77019
Tel. (713) 640-5956
Fax. (713) 640-5944
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

   I hereby certify that the Defendants have been served, a true and correct copy of *Plaintiff's Objections to Magistrate's Report and Recommendation* by placing same in the U.S. Mail, first class, on this the 11th day of September 2024, addressed to:

Via the Court's electronic filing notification system:
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

*Tanika J. Solomon*
Tanika J. Solomon

**5 |** P a g e