IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE, *Plaintiff*, | § § § § § § | |
| v. | § § | Civil action no.: 4:23-cv-03048 |
| OFFICER HUDECK, OFFICER JAIME VARGAS, OFFICER MCCREARY, OFFICER HOLLAND, OFFICER HOLLIS, OFFICER VILLA, OFFICER DEXTER, OFFICER SEAY, OFFICER LOPEZ, OFFICER CAMERON OVERSTREET, THE HOUSTON POLICE DEPARTMENT, CITY OF HOUSTON, AND JOHN DOE *Defendants*. | § § § § § § § § § § | |

**DEFENDANT OFFICERS DARYL HUDECK, JAIME VARGAS, SEAN MCCREARY, ERIK HOLLAND, BRANDON HOLLIS, TONY VILLA, CHARLES DEXTER, JESSE SEAY, MARCO LOPEZ, AND CAMERON OVERSTREET'S, REPLY IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Daryl Hudeck, Jaime Vargas, Sean McCreary, Erik Holland, Brandon Hollis, Tony Villa, Charles Dexter, Jesse Seay, Marco Lopez, and Cameron Overstreet (collectively "Defendant Officers") file this Reply in support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Defendant Officers would respectfully show the Court as follows:

1

**SUMMARY OF REPLY**

Central to this reply is the doctrine of qualified immunity, which shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. These Officers assert Plaintiffs have not met the stringent requirements to overcome this immunity, notably failing to identify any precedent that closely mirrors the specific actions of the officers involved. This failure is pivotal, as overcoming qualified immunity necessitates demonstrating a violation of a right so clearly established that any reasonable officer in the Defendants' position would have known their actions were unlawful.

Defendant Officers respectfully request that this Court grant their Motion to Dismiss, dismissing all of the Plaintiffs' claims with prejudice. The Plaintiffs have not only failed to articulate a plausible claim for relief but have also not surmounted the significant hurdle of qualified immunity. The law and the facts, as presented, compellingly justify the dismissal of this case in its entirety.

**ARGUMENT AND AUTHORITIES**

**Failure to Overcome Defendant Officers' Qualified Immunity.**

Plaintiffs seek to avoid the facts necessary for consideration of the *Graham* factors from the perspective of a reasonable officer at the scene but cannot overcome Defendant Officers' qualified immunity unless the complaint, on its face, alleges the violation of clearly established statutory or constitutional rights of which a reasonable person would have known with facts.

The entitlement to qualified immunity is not only clear but also compellingly justified by the law and the specific circumstances of this case. Plaintiffs have not successfully identified a precedent that closely mirrors the situation involving any officer, which is a critical failure in their argument against the application of qualified immunity. The legal framework surrounding

qualified immunity mandates that it is plaintiff's burden to find a case in his favor that does not define the law at a high level of generality *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019). cert. denied, 140 S. Ct. 388, 205 L. Ed. 2d 217 (2019), reh'g denied sub nom. *Rich for Dupuis-Mays v. Palko*, 140 S. Ct. 659, 205 L. Ed. 2d 413 (2019). "To meet this high burden, the plaintiff must 'point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.'" *Jamison v. McClendon*, 476 F. Supp. 3d 386, 416 (S.D. Miss. 2020); see *also Palko*, 920 F.3d at 294.

Notwithstanding Plaintiffs' failure to establish a violation of a clearly established right, Plaintiffs' have failed to identify a case or body of relevant case law from the Supreme Court or Fifth Circuit holding an officer violated the constitution for any of the actions alleged. Consequently, Plaintiffs are unable to plead a plausible claim against any Defendant Officer necessitating their dismissal.

**Failure to Overcome Officer Jaime Vargas' Qualified Immunity.**

As the City has previously asserted, Officer Vargas used measured and ascending force up until the point Dexter Ceasar committed suicide. Plaintiffs claim that excessive force was used when Officer Vargas shot Ceasar as he attempted to escape the public gas station parking lot. "After all, no one was in front of him or behind him and Officer Vargas did not attempt to shoot the tire of the vehicle…" (Doc. #47 at pg. 5) (Doc. #44 at ¶29). Even without this Court's consideration of the incorporated publicly available video footage, Plaintiffs' own pleadings negate these allegations.

Plaintiffs allege, "there was no immediate danger or harm to anyone at the time that Mr. Ceasar was attempting to leave the parking lot. No people were immediately behind or in front of the vehicle." (Doc #44 at ¶23). However, Plaintiffs have alleged as Ceasar was in the passenger

seat, SWAT vehicles and Houston Police Units converged on the vehicle was in. *Id.* at ¶21. Plaintiffs then allege Ceasar backed the vehicle up (where police officers were standing), and then proceeded forward in an attempt to leave the parking lot. *Id.* at ¶22. The vehicle was only stopped due to Officer Vargas shooting his gun. *Id.* at ¶26. Despite these allegations, Plaintiffs in conclusory fashion allege there was no danger or harm and no officer was in reasonable fear for their safety, or the safety of others. *Id.* at ¶25. "The '[u]se of deadly force is not unreasonable when an officer would have reason to believe the suspect poses a threat of serious harm to the officer or others.'" *Carnaby v. City of Houston*, 636 F.3d 183, 188 (5th Cir. 2011) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003)).

Plaintiffs have failed to allege any constitutional violation against Officer Vargas and have failed to provide any case law to support their alleged constitutional violation. Failure to point to any controlling authority is fatal to their claim against Officer Vargas.

**Failure to Overcome Officer Jesse Seay's Qualified Immunity.**

Plaintiffs have failed to provide any authority to support the alleged constitutional violation of shooting a second can of tear gas at a noncompliant individual resisting a valid arrest warrant. Plaintiffs acknowledge the use of teargas was not lethal (Doc. #44 at ¶117) and have alleged that Ceasar was wanted on a warrant, (Doc. #44 at ¶17) attempted to escape after officers converged, (Doc. #44 at ¶22) and repeatedly ignored officers' instructions to exit the vehicle (Doc. #44 at ¶¶32-38). Despite these allegations, Plaintiffs have incredibly brought an excessive force claim against Officer Seay who used measured and ascending force, prior to Ceasar committing suicide. The excessive force claims against Officer Seay for shooting a second can of tear gas is without merit and due to be dismissed as Plaintiffs have failed to provide any case law to substantiate their claim or overcome Officer Seay's qualified immunity.

4

**Failure to Overcome Officer Overstreet's Qualified Immunity.**

Plaintiffs have alleged, Dexter Ceasar, who was wanted on a warrant for the violent felony of aggravated assault due to shooting a firearm fourteen times at a residence where a mother and child resided[1], attempted to escape a public gas station surrounded by police officers (Doc. #44 at 22). Dexter stops attempting to escape after Officer Vargas shoots his weapon at the vehicle that just reversed into officers. *Id.* at ¶¶21-22. After the vehicle stops, Ceasar does not get out of the vehicle, but rather calls his sister. *Id.* at ¶31. Officers urge Ceasar to get out of the vehicle, however he ignores their commands and continues to talk on the phone with his sister. *Id.* at ¶¶32-38. Amidst the standoff, Officer Jesse Seay deploys two cans of non-lethal tear gas into Ceasar's vehicle. *Id* at ¶39. Plaintiffs contend that within seconds of the deployment of the second can of tear gas, Officer Overstreet discharges his firearm towards the smoke engulfed vehicle. *Id.* at ¶42.

Contrary to Plaintiffs' assertions, the autopsy report classified Ceasar's death as a suicide, a conclusion they dispute, alleging a cover-up by the medical examiner and accusing all officers present of fabricating statements to mask what Plaintiffs have alleged. *Id.* at ¶¶55, 59, 72. Moreover, the publicly available incorporated video, which captures Ceasar's suicide, is dismissed by the Plaintiffs. This video, however, contradicts Plaintiffs' claims, particularly their assertion regarding Officer Seay's actions.

Positioned on the far right side of the black SWAT truck, Officer Seay is alleged to have looked towards Officer Overstreet at the moment he fired his weapon *Id.* at ¶60. This claim is directly refuted by the video footage, which shows Officer Seay retreating into the SWAT truck, invisible in the storefront video, following the tear gas deployment.[2] This video evidence, which starkly contradicts the plaintiffs' narrative, underscores the principle that video depictions of

---

[1] *See* The State of Texas v. Dexter Ceasar, Cause No. 1765886. Doc. #46.02
[2] *See* 17:36-18:15 https://www.youtube.com/watch?v=ftiv068RuP8&t=6s

events, when included in pleadings and viewed in the light most favorable to the plaintiff, should be adopted over the factual allegations in the complaint if the video "blatantly contradict[s]" those allegations. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021).

Plaintiffs have failed allege a plausible constitutional violation against Officer Overstreet and have resorted to baselessly accusing the independent medical examiner as a liar, the officers on scene liars, and Officer Overstreet a murderer. The sequence of events, corroborated by incorporated video footage, the independent medical examiner's autopsy report, and the absence of charges against Officer Overstreet, logically leads to the conclusion that Dexter Ceasar took his own life, directly contradicting the Plaintiffs' claims of his death being the result of actions taken by "some member of the SWAT team" as initially alleged (Doc. #1 at ¶51), or, as now posited without any new information, "belief" it was Officer Overstreet (Doc. #44 at ¶67).

**Failure to access courts claim must be dismissed as Plaintiffs are bringing claims**

As previously explained, if Plaintiffs can bring suit in their in normal capacity, the right to access the courts is not implicated. *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994). Plaintiffs were able to file their lawsuit and have presented no facts that any Defendant prevented this from occurring. Consequently, this claim is due to be dismissed.

**Destiny Ceasar has no claim of negligent infliction of emotional distress under a bystander theory.**

Plaintiffs' amended complaint alleges, Dexter Ceasar tried to engage his Facetime App, but was talking to his sister on the phone (Doc. #44 at ¶31). "Destiny Ceasar heard the final shot and the phone drop when Dexter was shot." *Id.* at ¶98. However, Plaintiffs' response to the Officers' motion to dismiss now alleges, "Destiny Ceasar was on facetime throughout the entire altercation. (Doc. #47 at pg. 13). "Destiny Ceasar witnessed shots strike her brother in the shoulder and neck and heard the final gunshot. She saw that the phone dropped and Dexter was no longer

talking." *Id.* "[F]actual allegations first asserted in a response to a motion to dismiss are not appropriately reviewed in a Rule 12(b)(6) motion." *Edgar v. Anadarko Petroleum Corp.,* No. H-17-1372, 2019 U.S. Dist. LEXIS 39977, at *30 (S.D. Tex. 2019) (Rosenthal, C.J.). (citing *Dorsey v. Portfolio Equities, Inc,* 540 F.3d 333, 338 (5th Cir. 2008)). Consistent with this well settled law, this Court should disregard those portions of Plaintiffs' response, that assert unpled factual allegations and, rather, decide Defendant Officers' motion to dismiss based on Plaintiffs' pleading allegations.

Notwithstanding that Destiny Ceasar is unable to meet the elements of a bystander, Texas law is clear. Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish. Therefore, Destiny Ceasar cannot state a claim for negligent infliction of emotional distress in Texas. *See Boyles v. Kerr,* 855 S.W.2d 593 (Tex. 1993). Both the Fifth Circuit and district courts recognize that the tort of negligent infliction of emotional distress does not exist in Texas. *Petty v. Great W. Cas. Co.,* 783 Fed. App'x 414, 415 (5th Cir. 2019) (unpublished); *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 87 (5th Cir. 1997); *Leonard v. Hooda,* No. 4:23-CV-00534-P-BJ, 2023 WL 8756339, at *5 (N.D. Tex. Dec. 19, 2023). Accordingly, this Court is due to dismiss Plaintiff's claim for negligent infliction of emotional distress.

### CONCLUSION

For the reasons stated above, Plaintiffs have failed to state a claim upon which relief can be granted against any Defendant Officer. Therefore, Defendant Officers respectfully request that this Court grant its motion and dismiss all of Plaintiffs' claims with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

>By:   */s/ Alexander Garcia*
>Alexander Garcia
>Assistant City Attorney
>SBN:  24104429
>FBN:  3852904
>832.393.6293
>Alexander.garcia@houstontx.gov
>CITY OF HOUSTON LEGAL DEPARTMENT
>900 Bagby, 4th Floor
>Houston, Texas 77002
>832.393.6259 Facsimile
>
>***Attorneys for Defendant Officers***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

>*/s/ Alexander Garcia*
>Alexander Garcia

8