UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3048 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court[1] is attorneys Tanika J. Solomon and Shantelle Jones's ("Plaintiff's Counsel") Unopposed Motion to Withdraw as Counsel (ECF No. 63) for Plaintiff Tanisha Moore ("Moore"). On February 10, 2026, the Court held a hearing on the motion and met with both parties. (Min. Ent. dated Feb. 10, 2026).[2] Based on a review of the motion, the parties' positions made during the hearing, and relevant law, the motion is **GRANTED.**

### I. Background

Plaintiff's Counsel filed her unopposed motion to withdraw (ECF No. 63) on February 3, 2026. Counsel asserts there is good cause to withdraw because

---

[1] On May 15, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure ("Rule") 72. (ECF No. 40).

[2] Shantelle Jones, attorney of record for Plaintiff, was present at the hearing on behalf of Tanika Solomon and the TJ Solomon Law Group, PLLC. (Min. Ent. dated Feb. 10, 2026)

their client, Moore, developed irreconcilable differences with Plaintiff's Counsel concerning the litigation and consented to withdrawal. (*Id.* at 1). Specifically, Plaintiff's Counsel states "[w]ithdrawl as counsel is necessary and appropriate" because "(a) irreconcilable differences between attorney and client; (b) Counsel is a small firm and continued representation would impose an unreasonable financial burden on the attorney; and (c) client's consent to withdrawal." (*Id.* at 1–2). In addition, Plaintiff's Counsel represents that they sent Moore a letter via email on January 5, 2026, regarding withdrawing as counsel, and that Moore accepted the withdrawal and will seek new counsel. (*Id.* at 2).

Plaintiff's Counsel also claims that withdrawal is sought in good faith and will not delay or disrupt the case or prejudice any party. (*Id.* at 2). Further, Defense Counsel is unopposed and stated at the hearing it will not suffer prejudice if Plaintiff's Counsel is allowed to withdraw. The Court notes that, the current discovery deadline is March 23, 2026, discovery as to the City and Defendant Officers is stayed pending resolution of Defendants' Rule 12(c) Motion (ECF Nos. 58, 64), and the parties represented they have previously exchanged discovery in accordance with their discovery obligations, further militating against any disruption or prejudice to this litigation. Plaintiff's

Counsel also advised they informed Moore of their withdrawal and that Moore will proceed pro se unless she obtains new counsel.

## II. Legal Standard

With leave of court, an attorney may withdraw from representation of a client upon a showing of good cause and reasonable notice to the client. *CGI Logistics, LLC v. Fast Logistik USA, LLC*, No. 5:23-cv-43, 2024 WL 3550524 at *1 (S.D. Tex. June 28, 2024) (citing *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). The withdrawing attorney has the burden of proving good cause and that the withdrawal will not adversely affect efficient litigation of the suit. *Id.* (citing *Neal Techs., Inc. v. Unique Motorsports, Inc.*, No. 4:15-cv-385, 2018 WL 837715, at *2 (E.D. Tex. Feb. 13, 2018)). Whether these requirements have been met is left up the sound discretion of the trial court. *Pharma Funding LLC v. Verde Pharmacy & Med. Supply*, No. 3:20-cv-1731, 2022 WL 138514, at *1 (Jan. 14, 2022) (citing *In re Wynn*, 889 F.2d at 646).

"[Whether] an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Id.* Moreover, "[t]he Southern District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the duties and responsibilities of attorneys appearing before the Court." *CGI Logistics, LLC*, 2024 WL 3550524, at *2 (citing S.D. TEX. LOC. R. App'x A, Rule 1.A). "Texas Disciplinary Rules of

Professional Conduct 1.15 outlines specific situations where good cause exists for the withdrawal of counsel." *Id.* Under these rules, counsel shall not withdraw unless "'the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.'" *Id.* (quoting Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(6)) (citing *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996)). Good cause also exists where irreconcilable differences have arisen or where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id.* (quoting Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(6)); *see also Austin Legal Video, LLC v. Southwest Reporting & Video Serv., Inc.*, No. 1:23-cv-421, 2024 WL 5185705, at *1 (W.D. Tex. Nov. 7, 2024) (finding good cause existed for withdrawal of counsel where irreconcilable differences arose between the lawyer and his client regarding the prosecution of the case) (citing *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (affirming holding that counsel presented good cause for withdrawal where he cited "irreconcilable differences over issues related to the management of the litigation.")).

Even if good cause exists, the court must assure that the prosecution of the case is not disrupted by the withdrawal of counsel. *Id.* (citing *Denton v. Suter*, No. 3:11-cv-2559, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013)). "Thus, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw." *Id.* These factors include "'undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981); *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003); *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (explaining that these factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice"))).

## III. Discussion

The Court agrees that Plaintiff's Counsel have shown good cause to grant the motion to withdraw. Based upon Plaintiff's Counsel's motion and the hearing, the Court finds that irreconcilable differences exist; Plaintiff's Counsel have shown that continuing this litigation would pose a substantial financial hardship; and that Moore consents to the withdrawal. Thus, Plaintiff's Counsel have satisfied the requirements of Texas Disciplinary Rule of Conduct 1.15(b) to permit withdrawal. In addition, Plaintiff's Counsel's representations in their motion and during the separate hearing establish that irreconcilable differences exist in the management of this litigation. Plaintiff's Counsel has notified Moore of their intention to withdraw, and Defense Counsel is unopposed to the motion. Further, considering discovery is stayed pending the resolution of Defendants' motion, the Court finds Plaintiff's Counsel's withdrawal will neither delay or disrupt the case nor prejudice the parties, and is in the best interest of justice.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Counsel's Unopposed Motion to Withdraw as Counsel of record for Plaintiff Moore (ECF No. 63), effective immediately.

Moore, as an individual, may appear *pro se* in this action and will do so going forward unless and until new counsel enters an appearance. *See Pharma Funding LLC*, 2022 WL 138514, at \*4 (citing 28 U.S.C. § 1654). Moore is **ORDERED** to update the Clerk's office in writing with her contact information.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas on February 12, 2026.

 Richard W. Bennett
 United States Magistrate Judge