IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE,<br>*Plaintiff*, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil action no.: 4:23-cv-03048 |
| OFFICER HUDECK, OFFICER JAIME<br>VARGAS, OFFICER MCCREARY,<br>OFFICER HOLLAND, OFFICER<br>HOLLIS, OFFICER VILLA, OFFICER<br>DEXTER, OFFICER SEAY, OFFICER<br>LOPEZ, OFFICER CAMERON<br>OVERSTREET, THE HOUSTON<br>POLICE DEPARTMENT, CITY OF<br>HOUSTON, AND JOHN DOE<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Officer Cameron Overstreet, Officer Jaime Vargas, Officer Jesse Seay, Officer Daryl Hudeck, Officer Sean McCreary, Officer Erik Holland, Officer Brandon Hollis, Officer Tony Villa, Officer Charles Dexter, Officer Marco Lopez (collectively, "Defendant Officers"), and the City of Houston (the "City"), pursuant to Federal Rule of Civil Procedure 56, respectfully move for summary judgment on all remaining claims asserted by Plaintiff. The undisputed evidence, including body camera footage, gas station surveillance video, and the autopsy report, conclusively establishes that Dexter Ceasar ("Ceasar") died from a self-inflicted gunshot wound. There is no genuine dispute of material fact that any Defendant used excessive force. Summary judgment should be granted in favor of all Defendants on all remaining claims.

## NATURE AND STAGE OF PROCEEDING

This lawsuit arises from the suicide of Dexter Ceasar following an encounter with the Houston Police Department SWAT Team and Crime Suppression Team. Plaintiffs filed their original complaint on August 31, 2023. This Court granted Defendants' initial motions to dismiss (Doc. 41) and adopted the Memorandum and Recommendation on September 26, 2024 (Doc. 43), while granting leave to amend. Plaintiffs filed their Amended Complaint on October 18, 2024 (Doc.44). On May 30, 2025, the Court issued its Memorandum and Recommendation recommending partial dismissal of the Defendant Officers' Motion to Dismiss and partial dismissal of the City's Motion to Dismiss (Doc 49).

Pursuant to the Court's Memorandum and Recommendation, the following claims remain pending: (1) a Fourth Amendment excessive force claim against Officer Overstreet; (2) a wrongful death claim under §1983 against Overstreet; (3) state law survival action and wrongful death claims pursuant to Texas Civil Practice and Remedies Code §§ 71.002–71.021 against the City and all Defendant Officers; and (4) state law survival action and wrongful death claims against the City. Discovery has now closed. The undisputed evidence of record entitles all Defendants to summary judgment.

## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1. Whether the evidence establishes that Dexter Ceasar died from a self-inflicted gunshot wound, thereby breaking the causal chain for every claim asserted against every Defendant.

2. Whether Officer Overstreet is entitled to summary judgment on the remaining Fourth Amendment excessive-force and §1983 wrongful-death claims as he did not cause Ceasar's death.

3. Whether the state-law survival and wrongful death claims against Defendants must be dismissed, as they are derivative and not substantive claims.

4. Whether the state-law claims against the City should be dismissed for lack of waiver of governmental immunity under the Texas Tort Claims Act, and against the remaining officers under the TTCA's election of remedies provision.

## SUMMARY OF THE ARGUMENT

The evidence conclusively establishes that Dexter Ceasar died from a self-inflicted gunshot wound to the head. Gas station surveillance video, body camera footage from multiple officers, and the Harris County Medical Examiner's autopsy report all confirm that Ceasar shot himself inside the vehicle after officers had surrounded him and refused repeated commands to surrender and exit the vehicle. This fact is dispositive. Because Ceasar's death was a suicide and not the result of any force applied by Officer Overstreet, Plaintiff cannot establish any constitutional violation or claim against any Defendants. Officer Overstreet, the only Defendant against whom a Fourth Amendment excessive-force claim remains, is entitled to summary judgment and all other Defendant Officers are entitled to summary judgment on the remaining state-law claims because no officer's conduct caused Ceasar's death. Moreover, under Fifth Circuit precedent, Texas wrongful death and survival statutes do not provide independent causes of action, and with the dismissal of the underlying §1983 claims against these Defendants, these claims must be dismissed. The City of Houston is additionally entitled to summary judgment based on governmental immunity under the Texas Tort Claims Act.

## STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. *Griggs v. Brewer*, 841 F.3d 308, 311-12 (5th Cir. 2016). The court must view all the "facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2011) (per curiam). Except when, as here, there is video and audio recording of the event,

3

the Court should "view[ ] the facts in the light depicted by the videotape." *Tucker v. City of Shreveport*, 998 F.3d 165, 170 (5th Cir. 2021) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

An assertion of qualified immunity alters this familiar standard, however. The burden shifts to the plaintiff to show that: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct. *Trammell v. Fruge*, 868 F.3d 332, 338 (5th Cir. 2017). To be clearly established, a right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 10 (2015) (per curiam). "The hurdle is even higher when the plaintiff alleges a Fourth Amendment violation." *Henderson v. Harris County*, 51 F.4th 125, 135 (5th Cir. 2022). In excessive-force cases, "police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) (quoting *Kisela v. Hughes*, ___ U.S. ___, 138 S. Ct. 1148, 1153 (2018) (per curiam)).

## STATEMENT OF FACTS

On April 7, 2022, Dexter Ceasar was charged with aggravated assault with a deadly weapon.[1] This charge stemmed from an incident in which Ceasar, in violation of a restraining order and while illegally possessing a firearm, went to his ex-girlfriend's residence and, upon learning she was not home, discharged a firearm fifteen (15) times into the residence while a mother and child were inside, then fled the scene before police arrived.[2] On April 25, 2022, members of the Houston Police Department SWAT Team and Crime Suppression Team were dispatched to 7506 Martin Luther King Blvd., Houston, Texas to execute a felony arrest warrant for Ceasar.[3] As several marked and unmarked units converged to execute the arrest warrant on Ceasar, Officer

---

[1] *See* Exhibit A, Cause No. 1765886.
[2] *Id.*
[3] *See* https://www.youtube.com/watch?v=ftiv068RuP8&t=6s.

4

Hudeck exits his vehicle and immediately aims to safeguard a bystander near the scene, while Officer Holland approaches Ceasar on the passenger side of the vehicle where Ceasar is located and requests for Ceasar to show his hands.[4] Ceasar disregards the Officer's commands, gets into the driver's seat and accelerates the vehicle in reverse, striking the police vehicle directly behind the car.[5] After striking the vehicle, Ceasar puts the car into drive and turns the vehicle in the direction where the bystander was standing. Officer Hudeck shouts at the bystander to "watch out" as Ceasar accelerates towards vehicles and another bystander sitting next to the gas station.[6] Officer Vargas, compelled by the immediate threat, discharged his weapon striking Ceasar in the shoulder. Following the vehicle's immobilization, the SWAT team surrounded the car and Officers repeatedly and calmly ordered Ceasar to exit the vehicle, show his hands, and comply with their commands.[7] Ceasar informed officers he was on the phone with his sister and remained on the call throughout. Officers acknowledged this and instructed him to end the call and exit. Ceasar refused to comply with all commands. He did not show his hands, did not end the call, and did not exit the vehicle. Officer Seay deployed a canister of tear gas into the vehicle attempting to compel Ceasar to surrender without further escalation. A single gunshot then emanates from within the vehicle, where gun smoke exits through the passenger-side window, leading to Ceasar's suicide. [8]

Officer Overstreet's body camera footage affirmatively shows that he never discharged his firearm at Ceasar at any point and was not even in the vicinity of the vehicle when Ceasar committed suicide.[9] The Harris County Medical Examiner's autopsy report classified Ceasar's death as a suicide by gunshot wound of the head.[10]

---

[4] *Id. at* 6:20-2:25, 6:28-6:30, 7:40-7:43, 9:11-9:21, and 10:10-10:22.
[5] *Id*. at 2:10-2:25, 6:28-6:30, 7:40-7:43, 9:10-9:21, and 10:10-10:22.
[6] *Id. at* 2:10-2:30, 6:28-6:30, 7:40-7:43, 9:11-9:21, and 10:10-10:22.
[7] *Id. at* 12:00-17:50.
[8] *Id. at* 14:57- 16:02 and 18:49-18:56
[9] *Exhibit C.*
[10] *Exhibit D.*

## ARGUMENT AND AUTHORITIES

**A.**    **Dexter Ceasar Died by Suicide, Negating Any Excessive Force or Wrongful Death**

A §1983 excessive force claim requires that the alleged injury resulted directly and only from a use of force by the defendant officer. *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Where the injury or death is caused by the decedent's own conduct and not by the officer's use of force, there is no constitutional violation. A wrongful death claim requires proof of both a constitutional deprivation and a causal link between the officer's unconstitutional acts and the victim's death. *Slade v. City of Marshall*, Tex., 814 F.3d 263, 264 (5th Cir. 2016). Here, the evidence establishes that Ceasar's death was self-inflicted.

First, the gas station surveillance video as well as Officer Overstreet's body camera confirm that Ceasar shot himself while in the vehicle.  Second, no Defendant Officer fired a weapon during the period in question. All officer-involved weapon discharges in this incident are accounted for: Officer Vargas fired to stop the fleeing vehicle during the initial confrontation and no other officer discharged a firearm. Third, the Harris County Medical Examiner's autopsy report classified Ceasar's death as a suicide by gunshot wound of the head. This determination has been consistent and is supported by the wound characteristics, gunshot residue analysis, and scene evidence.

Plaintiff's sole basis for attributing the fatal shot to Officer Overstreet is the allegation that he fired "seconds after" the second tear gas canister was deployed. This allegation is made "on information and belief" without any supporting foundation. (Doc. 44 at ¶67). No witness, no physical evidence, no forensic finding, and no video corroborates this claim. Speculation and conjecture cannot create a genuine dispute of material fact sufficient to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As Officer Overstreet did not cause Ceasar's death or use any force, Plaintiff cannot

establish a Fourth Amendment excessive force claim or a wrongful death claim. Summary judgment is warranted.

### B.  Officer Overstreet Is Entitled to Qualified Immunity.

Even if a constitutional violation could be found (it cannot), Officer Overstreet is entitled to qualified immunity. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201. "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.*

Plaintiff cannot point to any case from the Supreme Court or the Fifth Circuit where an Officer in Overstreet's position would have understood that his conduct of being present at the

scene of SWAT operation while a suspect shot himself violated any clearly established right. Officer Overstreet is entitled to qualified immunity as a matter of law.

### C.  All Defendants Are Entitled to Summary Judgment on the State-Law Claims.

The Texas wrongful death and survival statutes do not provide independent causes of action; they are merely a statutory vehicle for pursuing remedies that, under common law, could not be pursued after an individual's death. *See e.g., Russell v. Ingersoll-Rand Co*., 841 S.W.2d 343, 344-45 (Tex. 1992); *Kramer v. Lewisville Mem'l Hosp*., 858 S.W.2d 397, 404 (Tex. 1993). When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental jurisdiction remain, a district court has broad discretion to dismiss the state law claims." *Price v. Jefferson Cnty*., 470 F. Supp. 2d 665, 694 (E.D. Tex. 2006). "Moreover, in the Fifth Circuit, the 'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'" *Id.* (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580, 585 (5th Cir. 1992)).

Here, as there is no underlying cause of action against Officer Overstreet, and all §1983 claims against the other Defendants have been dismissed, there are no federal claims to anchor the state law survival and wrongful death actions. These state-law claims are derivative of the §1983 claims. Because the evidence establishes that Ceasar died by suicide and no officer's conduct caused his death, Plaintiff cannot maintain any state-law claim against any Defendant.

Moreover, the Texas Tort Claim Act bars Plaintiff's claims.  There is a presumption that a governmental unit (as well as its employees) is immune from both suit and liability unless the TTCA waives immunity. *See Renteria v. Housing Authority of the City of El Paso,* 96 S.W.3d 454, 457-58 (Tex. App.-El Paso 2002, pet. denied). The TTCA only waives sovereign immunity in three areas: "use of publicly owned automobiles, premises defects, and injuries arising out of

conditions or use of property." *See Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex. 1976); Tex. Civ. Prac. & Rem. Code § 101.021.

The survival and wrongful death claims arise from alleged intentional excessive force by officers, which are intentional torts not covered by the waiver. § 101.057(2). Thus, the City's immunity remains intact, barring any state law claim.

Lastly, and independently, under the TTCA's election of remedies provision, the officers must be dismissed and summary judgment granted. Plaintiff asserts the same state-law survival and wrongful death claims against both the City and the individual officers. The TTCA's election of remedies scheme requires a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the TTCA or proceeding against the employee alone. Tex. Civ. Prac. & Rem. Code § 101.106(e); *See Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 532 (Tex. 2017). Here, Plaintiff sued both the City and the officers, triggering this provision. Accordingly, the state-law claims fail.

## CONCLUSION AND PRAYER

For the reasons stated, Defendants respectfully request that the Court grant this motion for summary judgment. No constitutional violation or state-law claim exists. All Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:    */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN:  24104429
FBN:  3852904

9

832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendants**

## VERIFICATION

I hereby verify, under the penalty of perjury, that the records attached as Exhibits A-D

contain true and correct copies of the documents they are represented to be.

*/s/ Alexander Garcia*
Alexander Garcia

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct

copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel

of record.

*/s/ Alexander Garcia*
Alexander Garcia