United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE AND DESTINY CEASAR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-3048 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Officers Jaime Vargas ("Vargas"), Marco Lopez ("Lopez"), Daryl Hudeck ("Hudeck"), Sean McCreary ("McCreary"), Erik Holland ("Holland"), Brandon Hollis ("Hollis"), Tony Villa ("Villa"), Charles Dexter ("Dexter"), and Jesse Seay ("Seay") (collectively, "Defendant Officers," excluding Cameron Overstreet ("Overstreet")) and Defendant City of Houston's (the "City") Motion for Judgment on the Pleadings (ECF No. 58).[1]  Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** the motion (*id.*) be **GRANTED**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 40).

## I.   Background

Plaintiffs Tanisha Moore ("Moore") and Destiny Ceasar ("Destiny") (collectively, "Plaintiffs") bring this action under 42 U.S.C. § 1983 and the Texas Wrongful Death and Survivorship Statute against the City, Defendant Officers, and Officer Overstreet, on behalf of Dexter Ceasar ("Ceasar" or "Mr. Ceasar"), following an encounter with officers of the Houston Police Department. (*See* ECF No. 44). Moore is Ceasar's mother, and Destiny is his sister. (*Id.*). Plaintiffs assert claims for excessive force, wrongful death, survival, municipal liability, and related theories. (*Id.*).

On August 28, 2024, this Court issued a Memorandum and Recommendation, recommending several motions to dismiss be granted. (ECF No. 41). On September 26, 2024, the Memorandum and Recommendation was adopted. (ECF No. 43). However, this Court granted Moore leave to amend her complaint. (ECF No. 41 at 33–34). On October 18, 2024, Plaintiffs filed an Amended Complaint and added Destiny, Ceasar's sister, as a plaintiff. (ECF No. 44). The City and Officers respectively filed Motions to Dismiss. (ECF Nos. 45–46).

On May 30, 2025, this Court issued a Memorandum and Recommendation, recommending the City's Motion to Dismiss be granted and the Officers' Motion to Dismiss be granted in part and denied in part. (ECF No. 49). As to the City's Motion to Dismiss, the Court recommended granting

2

the motion as to Plaintiffs' claims against the City for municipal liability and wrongful death under § 1983. (*Id.* at 8–23, 48–49). As to the Officers' Motion to Dismiss, the Court recommended (1) granting the motion as to Plaintiffs' Fourth Amendment claim against Vargas and Seay but denying as to Overstreet; (2) granting as to Plaintiffs' Fourteenth Amendment violation claim; (3) denying as to Plaintiffs' wrongful death claim under § 1983 against Overstreet but granting as to the remaining Officers; and (4) granting as to Plaintiff Destiny's negligent infliction of emotional distress claim. (*Id.* 24–49). The Court also recommended dismissing Plaintiffs' § 1983 claim against the Houston Police Department because it is a subdivision of the City and not a separate entity with the capacity to be sued. (*Id.* at 7–8). In their Amended Complaint, Plaintiffs assert a survival action claim and wrongful death claim against the City and Officers pursuant to Texas Civil Practice and Remedies Code §§ 71.004(a), 71.002–71.021. (ECF No. 44 at 24–25). However, neither the City nor Officers moved to dismiss these state law claims (*see* ECF Nos. 45–46); therefore, the Court did not recommend dismissal of these claims (ECF No. 49 at 23, 45–46).

On September 15, 2025, the Memorandum and Recommendation was adopted, thereby leaving the state law claims against the City and Officers, as well as the Fourth Amendment and wrongful death claims under § 1983 against Overstreet. (ECF No. 52).

On October 24, 2025, the City and Defendant Officers (collectively, "Moving Defendants," excluding Overstreet) filed the instant Motion for Judgment on the Pleadings, seeking dismissal of the state law claims against them. (ECF No. 58). As of the date of this Memorandum and Recommendation, Plaintiff did not file a response.[2]

## II.    Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Rule 12(b)(6) allows defendants to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the

---

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. Regardless of Plaintiff's failure to respond to the motion to dismiss, the Court will consider the merits of Defendants' motion before the Court. *See Gonzalez v. Mongo*, No. 24-cv-5145, 2025 WL 2174763, at *2 (S.D. Tex. July 31, 2025); *Chilton v. Tex. S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sep. 24, 2024) ("[W]here a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a 'default' dismissal.").

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *York v. Welch*, No. 20-cv-40580, 2024 WL 775179, at \*2 (5th Cir. Feb. 26, 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). In assessing the sufficiency of the complaint, review is limited "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see Edmiston v. Borrego*, 75 F.4th 551, 557–58 (5th Cir. 2023) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6))).

## III.  Discussion

Moving Defendants seek judgment on the pleadings as to Plaintiffs' remaining state law claims for wrongful death and survival under Texas law. (ECF No. 58).  They argue the claims are derivative and fail in the absence of an underlying viable claim against them, and the claims are independently barred by the Texas Tort Claims Act ("TTCA").  (*Id.* at 3–5).

### A. Texas Wrongful Death and Survival Claims[3]

First, as to wrongful death, "[a]n action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under" section 71.002 of the Texas Civil Practice and Remedies Code. "A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE § 71.002(b). The relevant subchapter for wrongful death "applies only if the individual injured would have been entitled to bring an action for the injury if the individual had lived or had been born alive." *Id.* at § 71.003. As to standing, the statute provides:

> (a) An action to recover damages . . . is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

*Id.* at § 71.004.

---

[3] Wrongful Death is covered by TEX. CIV. PRAC. & REM. CODE §§ 71.001–71.012. Survival actions are covered by TEX. CIV. PRAC. & REM. CODE §§ 71.021–71.022.

6

Second, as to survival actions, "[a] cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury." *Id.* at § 71.021(a). "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives." *Id.* at § 71.021(b). "The suit may be instituted and prosecuted as if the liable person were alive." *Id.* at § 71.021(c). The survival statute allows a plaintiff to bring suit as a representative of the decedent's estate and is therefore "entitled to recover, on [the decedent's] behalf, those damages which [the decedent] sustained as a result of Defendant's alleged wrongful conduct." *Naab v. United States*, No. 3:98-cv-0146, 2002 WL 1268032, at *3 (N.D. Tex. May 31, 2002).

Courts have adjudicated the justiciability and derivative nature of such claims depending on varying circumstances. Indeed, in addressing wrongful-death and survival claims under Texas law, courts emphasize their derivative nature and dependence on a viable underlying cause of action. In *Naab v. United States*, the court held that although the survival statute allows a claimant to sue as a representative of the decedent's estate, the claims failed where the record did not establish that the defendant's conduct caused the decedent's death. 2002 WL 1268032, at *4. Similarly, the court noted that

7

while the wrongful death statute provides "a separate cause of action" "for damages arising from an injury that causes an individual's death," the court concluded the statute did not provide an "independent cause of action" under which they could proceed because they could not establish the defendant's medical-malpractice liability for the decedent's underlying injury. *Id.* The court further explained that "survival causes of action are derivative of the decedent's right to recover in his own capacity had the decedent lived" and therefore fail where the decedent could not have maintained a viable claim. *Id.* at *4–7 (concluding plaintiffs failed to establish the defendant's medical-malpractice liability to the decedent in order to support a derivative survival action).

The Fifth Circuit reaffirmed this distinction in *Pluet v. Frasier*, explaining that the Texas wrongful death statute "provides a cause of action for the benefit of surviving children and parents of the deceased" whereas the survival statute provides that "a personal injury action survives in favor of the heirs, legal representatives, and estate of the injured person." 355 F.3d 381, 384 (5th Cir. 2004) (citation modified). To further clarify, the Fifth Circuit explained the survival statute differed from the wrongful death statute "in that the [survival statute] preserves a claim for the estate rather than creating a new cause of action for those surviving the decedent." *Id.* at 384–86 (holding a conservator in a civil rights action had no standing to sue under the Texas

wrongful death or survival statute in part because she failed to demonstrate she had adequate authority on behalf of the estate and did not include any of the deceased's heirs at the time of filing the complaint); *see also Rangel v. Wellpath, LLC*, No. 5:23-cv-128, 2024 WL 4773311, at *5–14 (N.D. Tex. Nov. 13, 2024) (denying a motion to dismiss in a case raising § 1983, wrongful-death, and survival-action claims and staying the action to give the plaintiff time to cure the defect in lacking capacity to sue as the estate's representative).

In *Jones v. Wright*, 667 S.W.3d 444 (Tex. App.—Beaumont 2023, no pet.), the Court of Appeals of Texas assessed the derivative nature of survival and wrongful death claims in a negligence case; albeit without citing the Texas code. The court stated:

> Survival and wrongful death causes of action are wholly derivative of the decedent's causes of action. For survival and wrongful death causes of action to be viable, the decedent must have had viable causes of action at death. In other words, the [plaintiffs], as the decedent's beneficiaries, could pursue their claims only if [the decedent] would have been entitled to pursue a claim for his injury if he had lived.

*Id.* at 449. Applying that principle, the court held the claims premised on negligence failed because the defendants did not owe a duty to the plaintiffs, and thus no underlying claim existed—i.e., the decedent would not have had a viable cause of action at death. *Id.* at 455 (concluding the defendants "conclusively negated the duty element of the [decedent's beneficiaries'] claims, and the trial court properly granted summary judgment").

9

Similarly, in *Rangel v. Wellpath, LLC*, a civil rights case brought by a decedent's mother, the court explained "Sections 1983 and 1988 incorporate state wrongful-death and survival statutes to provide remedies to certain surviving individuals for damages suffered by the surviving individuals and the decedent as a result of civil rights violations, " and therefore, "construed the claims as theories for damages under Section 1983 and not independent causes of action."  2024 WL 4773311, at *18–19.  Put differently, the court emphasized that wrongful-death and survival claims are best understood as theories of damages tied to an underlying violation, rather than independent causes of action.  *Id.* (noting "both parties agree that the plaintiff is asserting wrongful-death and survival-action theories to recover damages resulting from an alleged civil rights violation and not independent causes of action"); *see also id.* at *19 ("[B]ecause the plaintiff does not assert stand-alone wrongful-death or survival claims and, instead, [also] asserts derivative theories of recovery for the decedent's timely filed ADA claim, the Court declines to dismiss these theories of recovery as time-barred.").  There, the court dismissed derivative claims tied to deficient § 1983 allegations but allowed those tied to a surviving ADA claim to proceed, reinforcing that such claims depend entirely on the viability of the underlying cause of action.  *Id.* (dismissing all Section 1983 claims against a county and any associated request for damages under wrongful-death or survival-action theories for failure to state claim, but

10

denying the county's motion to dismiss regarding the plaintiff's derivative claims for wrongful-death and survival-action damages under her ADA claim due to denial of medical housing to the decedent).

In a more recent case, and with similar legal issues to the present case, the Court in *Espinoza v. Ramos* addressed the viability of wrongful-death and survival claims arising from a fatal police shooting.  There, the decedent's mother brought § 1983 excessive-force claims and related state law claims, including a wrongful death and a survival claim, based on an officer's use of deadly force during a rapidly evolving encounter.  *Espinoza v. Ramos*, No. 24-cv-68, 2026 WL 471816, at *3 (W.D. Tex. Jan. 5, 2026), *report and recommendation adopted*, No. 24-cv-0068, 2026 WL 466763 (W.D. Tex. Feb. 18, 2026).  After concluding that the officer's use of force was objectively reasonable under the Fourth Amendment—and thus no constitutional violation occurred—the court recommended dismissal of all § 1983 claims.  *Id.* at *4–6.  The court then turned to the plaintiff's state law claims and emphasized that independent survival claims are not available, the state law tort claims were foreclosed by statute, and the wrongful-death claims were "wholly derivative of the other claims in [the] case."  *Id.* at *6–7 & n.3, n.5.  Because the underlying § 1983 claims and related tort claims failed, the court concluded that the wrongful-death claims necessarily failed as well.  *Id.* at *7 (citing *Pluet*, 355 F.3d at 384).  Thus, the court granted summary judgment on the

11

wrongful-death claims on the basis that no viable underlying cause of action existed to support them. *Id.*

Consistent with the foregoing authorities, the Court turns to the viability of Plaintiffs' wrongful-death and survival claims in this case. Although the Texas wrongful-death statute creates a cause of action for certain beneficiaries, and the survival statute preserves a decedent's personal-injury claims for the estate, both are, in substance, derivative of the decedent's underlying right to recover. *See Pluet*, 355 F.3d at 384–86; *Jones*, 667 S.W.3d at 449; *Espinoza*, 2026 WL 471816, at *7. As an initial matter, Plaintiffs purport to assert a standalone "survival action" under § 71.021. (*See* ECF No. 44 ¶¶ 135–138). However, that statute does not create an independent cause of action; rather, it merely "preserves a claim for the estate," such that a decedent's personal-injury claim survives their death and may be prosecuted on the decedent's behalf. *Espinoza*, 2026 WL 471816, at *n.3 (citing *Pluet*, 355 F.3d at 384). Accordingly, the survival claim depends on the viability of the decedent's underlying claims.

The same is true of Plaintiffs' wrongful-death claim. While the statute provides a cause of action for certain beneficiaries, that claim derives from the cause of action that the decedent could have asserted for personal injuries had he lived. *See* TEX. CIV. PRAC. & REM. CODE § 71.003 (applying provision for wrongful death "only if the individual injured would have been entitled to bring

an action for the injury if the individual had lived"). Thus, any defense to the decedent's claims, including failure to state a claim, applies equally to the wrongful-death beneficiaries.[4]

Here, Plaintiffs allege that Defendant Officers' conduct violated Mr. Ceasar's constitutional rights and caused his death. (ECF No. 44 ¶¶ 131–138). However, as set forth above, the Court has already recommended dismissal of all § 1983 claims against the Moving Defendants, and that recommendation was adopted. (ECF Nos. 49, 52). Therefore, the only remaining federal claims in this action are Plaintiffs' Fourth Amendment and wrongful death claims under § 1983 against Defendant Overstreet (*see* ECF No. 52), and there is no constitutional or substantive claim against the City or the other Defendant Officers. As such, no viable underlying claim remains as to the Moving Defendants to support Plaintiffs' wrongful death or survival claims against them. Where the underlying claims fail, courts consistently hold that

---

[4] It is not entirely clear if Moore has standing to sue under TEX. CIV. PRAC. & REM. CODE § 71.004, as she has not pled whether she has been duly appointed as executor or administrator. *See Est. of King v. Texas Dep't of Crim. Just.*, No. 22-cv-858, 2023 WL 6370646, at \*2 (S.D. Tex. July 13, 2023) ("[T]he lawsuit was not commenced until . . . two years after the Decedent[']s death. Therefore, the executor or administrator of the decedent's estate was required to bring this action, unless requested not to by any individuals with standing to bring this suit. The Plaintiffs failed to plead that any such request was made or that Plaintiffs' has[sic] been duly appointed as executor or administrator. Additionally, Plaintiffs did not respond to the motion for judgment. Failure to respond is taken as a representation of no opposition. Accordingly, the Court grants [defendant's] motion as it pertains to the Texas wrongful death statute." (citing § 71.004(b) and S.D. TEX. LOCAL R. 7.4)) (citation modified). The court assumes, without deciding, that Moore has standing.

wrongful-death and survival claims premised on the same alleged conduct are not independently viable. *See Naab*, 2002 WL 1268032, at \*4–7; *Jones*, 667 S.W.3d at 449; *Espinoza*, 2026 WL 471816, at \*7 (dismissing wrongful-death claims where underlying § 1983 and related claims failed). Indeed, courts have emphasized that a purported "survival claim" is not a freestanding cause of action at all, but merely a procedural mechanism through which an estate may pursue the decedent's claims, if any such claims are viable. *See, e.g.*, *Espinoza*, 2026 WL 471816, at \*2 n.3.

Moreover, to the extent Plaintiffs attempt to assert these claims as independent state law causes of action, the Amended Complaint fails to plausibly allege an alternative basis for liability. The allegations that Defendants "wrongfully caused the death" and that Mr. Ceasar suffered pre-death injuries are conclusory and depend entirely on the same conduct underlying the dismissed federal claims.[5] (ECF No. 44 ¶¶ 132–137).

In sum, because Plaintiffs have failed to allege a plausible underlying cause of action against the Moving Defendants, their wrongful-death and survival claims fail as a matter of law.

---

[5] Notably, Plaintiffs have neither filed a response to the instant Motion for Judgment on the Pleadings nor offered any additional arguments in support of the state law claims. Plaintiffs have therefore failed to address Moving Defendants' arguments that these claims are derivative or otherwise deficient and have not articulated any independent theory of liability under Texas law.

**B. The Texas Tort Claims Act**

Even if Plaintiffs' state-law claims were not subject to dismissal as derivative, they are independently barred by the TTCA.

1. Governmental Immunity Bars Claims Against the City

Under the TTCA, governmental units have immunity from suit unless such immunity has been expressly waived. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. The TTCA provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the [injury] . . . arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* In other words, the TTCA provides a limited waiver of a governmental unit's immunity for claims arising from an employee's use of publicly owned automobiles, premises defects, or injuries arising out of conditions or use of property. *Id.* Importantly, the TTCA expressly excludes claims "arising out of assault, battery, false imprisonment, or *any other intentional tort*." *Id.* at § 101.057(2) (emphasis added).

15

Here, "[t]he City of Houston is a governmental unit to which governmental immunity applies." *McIntosh v. Smith*, 690 F. Supp. 2d 515, 537 (S.D. Tex. 2010) (analyzing City of Houston's governmental immunity under TTCA in action brought by administrator of estate of suspect who was fatally shot by city police officer, alleging that city was liable for suspect's personal injury and death).  Plaintiffs' wrongful death and survival action claims stem from alleged intentional excessive force by the Officers employed by the City, which constitutes an intentional tort outside the scope of the TTCA waiver. *See Espinoza*, 2026 WL 471816, at *7 n.6 (noting that § 101.057(2) of the TTCA does not waive governmental immunity from claims "arising out of assault, battery, . . . . or any other intentional tort," where the plaintiff asserted assault and battery claims against the officer who shot the decedent); *City of Watauga v. Gordon,* 434 S.W.3d 586, 594 (Tex. 2014) ("The [TTCA] . . . does not waive immunity for claims arising out of intentional torts, such as battery.  Because [Plaintiff] alleges that the police used excessive force in his arrest, a claim that arises out of a battery, his pleadings do not state a claim for which governmental immunity has been waived under the [TTCA]." (citing TEX. CIV. PRAC. & REM. CODE § 101.057(2))).  Accordingly, the City retains its governmental immunity, and the state law claims against it must be dismissed.

16

2.  Election of Remedies Bars Claims Against the Defendant
    Officers

The TTCA's election-of-remedies provision further mandates dismissal of the claims against the individual officers. *See* TEX. CIV. PRAC. & REM. CODE § 101.106. This provision limits a plaintiff's ability to pursue claims against individual employees if a governmental unit is also sued. *Id.* Section 101.106(e) specifically provides that "[if] a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *See Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 537 (Tex. 2017) (noting "when a plaintiff sues both a governmental unit and its employees in tort, as Rios did here, section 101.106(e) requires that 'the employees shall immediately be dismissed on the filing of a motion by the governmental unit.'").

Here, Plaintiffs assert identical wrongful death and survival claims against both the City and the Defendant Officers, arising from the same alleged conduct. By naming both the City and its employees in the same action, Plaintiffs triggered § 101.106(e)'s mandatory dismissal provision. *See Espinoza*, 2026 WL 471816, at *7 (explaining tort claim against officer must be dismissed under section 101.106 "even if the governmental unit 'would be

17

immune from suit.'").  Therefore, upon the City's motion, the claims against the individual officers must be dismissed.

In sum, Plaintiffs' state law wrongful death and survival claims against Moving Defendants fail for multiple independent reasons:  they are derivative of underlying claims that have already been dismissed; the claims against the City are barred by governmental immunity under the TTCA; and the claims against the Defendant Officers are barred by the TTCA's election-of-remedies provision.

## IV.　Conclusion

Based on the foregoing, the Court **RECOMMENDS** the Motion for Judgment on the Pleadings (ECF No. 58) be **GRANTED**.  The Court further **RECOMMENDS**:

- Plaintiffs' Texas wrongful death and survival claims against the City of Houston should be **DISMISSED WITH PREJUDICE**.

- Plaintiffs' Texas wrongful death and survival claims against Defendant Officers Vargas, Lopez, Hudeck, McCreary, Holland, Hollis, Villa, Dexter, and Seay should be **DISMISSED WITH PREJUDICE**.

As such, the only remaining claims in this case are the Fourth Amendment excessive force and wrongful death claims under § 1983 against Defendant Officer Overstreet.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file

18

written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

     **SIGNED** in Houston, Texas on April 23, 2026.

_____

Richard W. Bennett
United States Magistrate Judge
