United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TANISHA MOORE AND DESTINY CEASAR, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-3048 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Officers Cameron Overstreet ("Overstreet"), Jaime Vargas ("Vargas"), Jesse Seay ("Seay"), Daryl Hudeck ("Hudeck"), Sean McCreary ("McCreary"), Erik Holland ("Holland"), Brandon Hollis ("Hollis"), Tony Villa ("Villa"), Charles Dexter ("Dexter"), Marco Lopez ("Lopez") (collectively, "Defendant Officers"), the Houston Police Department, and Defendant City of Houston's (the "City") Motion for Summary Judgment (ECF No. 68).[1] Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** the motion (*id.*) be **GRANTED**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 40).

## I.    Background[2]

## A. Procedural Background

Plaintiffs Tanisha Moore ("Moore") and Destiny Ceasar ("Destiny") (collectively, "Plaintiffs") brought this civil rights action on behalf of Dexter Ceasar ("Ceasar"), arising from Ceasar's encounter with officers of the Houston Police Department that led to his death.  (*See* ECF No. 44).  Moore is Ceasar's mother, and Destiny is his sister.  (*Id*.).  Plaintiffs assert federal and state law claims for excessive force, wrongful death, survival action, municipal liability, and related theories.  (*Id*.).

On August 28, 2024, the Court issued a Memorandum and Recommendation, recommending several motions to dismiss be granted.  (ECF No. 41).  On September 26, 2024, the District Judge adopted the Memorandum and Recommendation and granted leave to amend.  (ECF No. 43).  On October 18, 2024, Plaintiffs filed a First Amended Complaint and added Destiny as a plaintiff.  (ECF No. 44).  The City and Officers separately filed Motions to Dismiss.  (ECF Nos. 45–46).  However, neither the City nor Officers moved to

---

[2] The procedural history and factual allegations underlying this case were set forth in detail in the Court's prior Memorandum and Recommendation.  (*See* ECF No. 49).  The Court therefore summarizes only the facts as supported by the summary judgment evidence and pertinent to resolution of the present motion.

dismiss the state law claims (*see* ECF Nos. 45–46).[3]

On May 30, 2025, the Court issued a Memorandum and Recommendation, recommending the City's Motion to Dismiss be granted and the Officers' Motion to Dismiss be granted in part and denied in part. (ECF No. 49). The Court recommended dismissal of Plaintiffs' claims against the City for municipal liability and wrongful death under 42 U.S.C. § 1983 and dismissal of several claims against the Officers, while allowing Plaintiffs' Fourth Amendment excessive force claim and § 1983 wrongful death claim to proceed only against Officer Overstreet. (*Id.*).[4]

On September 15, 2025, the District Judge adopted that recommendation, thereby leaving the state law claims against the City and Officers, as well as the Fourth Amendment and wrongful death claims under § 1983 against Overstreet. (ECF No. 52).

Thereafter, the City and the remaining Officers—excluding Overstreet—filed a Motion for Judgment on the Pleadings as to Plaintiffs' state law claims against them. (ECF No. 58). On April 23, 2026, the Court issued a Memorandum and Recommendation, recommending that the motion be

---

[3] Plaintiffs brought a survival action claim and wrongful death claim against the City and Officers pursuant to Texas Civil Practice and Remedies Code §§ 71.004(a), 71.002–71.021. (ECF No. 44 at 24–25).

[4] The Court also recommended dismissing Plaintiffs' § 1983 claim against the Houston Police Department because it is a subdivision of the City and not a separate entity with the capacity to be sued. (ECF No. 49 at 7–8).

granted because Plaintiffs' wrongful death and survival claims under Texas law were not viable and were independently barred.  (ECF No. 71).[5]

Accordingly, the only remaining claims before the Court are Plaintiffs' Fourth Amendment excessive force claim and § 1983 wrongful death claim against Overstreet.  (*Id.*).  On March 30, 2026, Defendants filed the present Motion for Summary Judgment.  (ECF No. 68).  Plaintiffs have not filed a response.[6]

### B. Factual Background

Plaintiffs' claims arise from an incident on April 25, 2022, when officers with the Houston Police Department SWAT Team and Crime Suppression Team attempted to execute a felony arrest warrant for Ceasar at a gas station located in Houston, Texas.  (ECF No. 44 at 5).  After officers surrounded the vehicle in which Ceasar was located, the officers directed Ceasar to get out of the vehicle; however, Ceasar did not comply and continued to talk to his sister on the phone.  (*Id.* at 7–8).  Officer Seay then fired two rounds of tear gas into Ceasar's vehicle while he was still on the phone.  (*Id.* at 8).  The parties dispute the events that followed.

---

[5] As of the date of this Memorandum and Recommendation, the April 23, 2026 Memorandum and Recommendation is still pending before the District Judge.  (ECF No. 71).

[6] On February 13, 2026, the Court granted Plaintiff's Counsel's Unopposed Motion to Withdraw after holding a hearing.  (ECF Nos. 66–67).  Defendants filed their motion for summary judgment on March 30, 2026 (ECF No. 68), and the time for filing a response has passed.  Therefore, the motion is ripe for decision.

Plaintiffs allege that, after the second can of tear gas was deployed, Officer Overstreet fired a gunshot that struck Ceasar in the head. (*Id.* at 8). Plaintiffs allege that throughout the time Ceasar remained inside the car, he did not pose an immediate threat and Officer Overstreet's use of deadly force was excessive and caused Ceasar's death. (*Id.* at 9–10).[7]

Defendants dispute Plaintiffs' account and contend that Ceasar died from a self-inflicted gunshot wound while inside the vehicle after refusing the officers' repeated commands to exit. (ECF No. 68). In support, Defendants rely on officer body-worn-camera (BWC) video evidence and the medical examiner's autopsy report. (ECF Nos. 69–70).

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[7] Plaintiffs concede that a gun was recovered from Ceasar's car, but allege he did not shoot himself with it. (ECF No. 44 at 10).

a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at

505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (noting that where one party's version of events is so utterly discredited by the record that no reasonable jury could have believed him, the court "should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape").

### III. Discussion

At this stage of the litigation, the only remaining claims are Plaintiffs' Fourth Amendment excessive force claim and § 1983 wrongful death claim against Overstreet. (*See* ECF No. 71). The Court previously dismissed all claims against the remaining Defendants, including all state-law claims. (*Id.*). Accordingly, the present motion is properly analyzed as to whether a genuine dispute of material fact exists regarding whether Overstreet used excessive force against Ceasar and whether any such force caused Ceasar's death.

Plaintiffs did not file a response, and pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. Regardless of Plaintiffs' failure to respond, the Court will consider the merits of Defendants' motion for summary judgment before the Court. *See Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014) ("A motion for summary judgment cannot be granted simply because there is no opposition. . . . However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.") (internal quotations omitted).

Defendants contend that the summary judgment evidence conclusively establishes that Ceasar died from a self-inflicted gunshot wound and that Overstreet did not discharge his weapon at Ceasar. (ECF No. 68). In support, Defendants rely on officer BWC footage, including Overstreet's, the gas

station's surveillance video, and the Harris County Medical Examiner's autopsy report. (ECF Nos. 68–70). Defendants have met their initial burden under Rule 56(c); and therefore, Plaintiffs must produce evidence demonstrating a genuine issue of material fact. Based on the record before the Court, Plaintiffs have not submitted evidence creating a genuine dispute of material fact as to their claims. *See Grado v. Dimmitt Police Dep't*, No. 2:24-cv-147, 2026 WL 923021, at *3 (N.D. Tex. Mar. 9, 2026), *report and recommendation adopted*, No. 2:24-cv-147, 2026 WL 922734 (N.D. Tex. Apr. 2, 2026) ("'[A] court may rely on video evidence to resolve any claimed genuine disputes of material fact and rule on summary judgment.' Therefore, when the video 'blatantly contradicts' [Plaintiff's] version of events, the video will control." (quoting *Hodge v. Engleman*, 90 F.4th 840, 846 (5th Cir. 2024))).

The Fourth Amendment protects the right to be free from excessive force during a seizure. *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). "A violation of this right occurs when a seized person suffers an injury that results directly and only from a clearly excessive and objectively unreasonable use of force." *Id.* "Determining whether force was excessive or unreasonable is a 'necessarily fact-intensive' and case-specific inquiry." *Id.* "The test for reasonableness is 'not capable of precise definition or mechanical application.'" *Id.*

Similarly, "a plaintiff seeking to recover on a wrongful death claim under § 1983 must prove both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute." *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264 (5th Cir. 2016). "Texas law is clear that [u]nder the Wrongful Death Act, liability may be predicated only on an injury that causes an individual's death." *Id.* (internal quotations omitted). "That is, a plaintiff seeking to recover under Texas's wrongful death statute must demonstrate that the defendant's wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree." *Id.* at 264–65.

Here, the summary judgment record does not support Plaintiffs' theory that Overstreet shot Ceasar. Instead, the evidence establishes the following:

- The video evidence reflects that, after officers surrounded Ceasar's vehicle, issued repeated commands for Ceasar to exit, and deployed tear gas, the officers believed a gunshot originated from inside the vehicle. (*See* ECF No. 68 at 4–5 (citing HPD CRITICAL INCIDENTS, *HPD Critical Incident - 2022-04-25 at 7506 Martin Luther King Blvd.* (YouTube, May 20, 2022), https://www.youtube.com/watch?v=ftiv068RuP8&t=6s); ECF No. 70 (Overstreet BWC footage)).

10

- Overstreet's body camera footage does not show him discharging his weapon. Instead, Overstreet stepped away from the scene for several minutes after an initial tear gas deployment to reorient himself from his exposure to the gas. (*Id.* at 00:19:00–00:26:30). Upon gearing up with a tactical gas mask and returning to the scene, Overstreet waited nearby with other officers as law enforcement continued to direct Ceasar to put his gun away and exit the vehicle. (*Id.* at 00:26:30–00:42:00). After what seems like another tear gas deployment (*id.* at 00:42:00), Overstreet again leaves to reorient himself from the tear gas exposure, before shortly returning to the group of officers around the vehicle (*id.* at 00:42:00–00:49:00). At that point, officers can be heard discussing whether Ceasar shot himself, as he remained unresponsive (*id.* at 00:51:00–00:51:30).

- Thereafter, Overstreet and a few other officers entered the adjacent gas station store from the back to get a view of Ceasar and to deploy a non-lethal projectile into the car to observe his response. (*Id.* at 00:52:30–1:00:00).

- After perceiving no response, Overstreet and the officers exited the store through the back and waited on the side of the building as other officers extracted Ceasar from the car, at which point Ceasar was already incapacitated and then given medical attention. (*Id.* at 1:00:30–1:07:00).

11

- The Harris County Medical Examiner classified Ceasar's death as a suicide caused by a gunshot wound to the head. (ECF No. 69-4).

Hence, Plaintiffs' allegation that Overstreet fired the fatal shot is not supported by competent summary judgment evidence. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (holding that a nonmovant must present more than "metaphysical doubt" or speculation to survive summary judgment). Plaintiffs have not produced testimony, forensic evidence, or video evidence contradicting Defendants' evidence. At the summary judgment stage, Plaintiffs must produce evidence demonstrating a genuine dispute of material fact. They have not done so. *See Carico v. Bristow*, No. 5:22-cv-00095, 2024 WL 1635258, at *9 (E.D. Tex. Mar. 14, 2024), *appeal dismissed*, No. 24-40239, 2024 WL 4527117 (5th Cir. May 13, 2024), *aff'd*, No. 24-40239, 2025 WL 2254515 (5th Cir. Aug. 7, 2025) ("[T]he video evidence from the officer's bodycams provides multiple vantage points of the shooting and the Defendant's investigation leading up to the shooting. And that video evidence is not disputed or contradicted by the rest of the summary judgment evidence.").

On this record, no reasonable jury could conclude that Overstreet discharged his weapon or that any force attributable to him caused Ceasar's death. Because causation is an essential element of both the excessive force and wrongful death claims, the absence of evidence on this point is dispositive.

*See Todaro v. City of Kenner*, No. 96-cv-2977, 1998 WL 382138, at \*2 (E.D. La. July 8, 1998) ("[E]ven viewing the [evidence] in the light most favorable to plaintiffs, . . . there is no showing of objectively excessive force.  Therefore the excessive force claim under the Fourth Amendment is without merit."); *id.* at \*3 ("As for battery or excessive use of force, the Court has no evidence to support this claim.  The wrongful death claim does not survive because plaintiffs cannot show that if excessive force were used, it caused plaintiff's death."); *see also Grado*, 2026 WL 923021, at \*5 ("The undisputed evidence shows that Ontiveros did not handcuff [Plaintiff]; accordingly, [Plaintiff's] complaint that Ontiveros handcuffed him too tightly is meritless.  As the Fifth Circuit has noted, '[p]ersonal involvement is an essential element of a civil rights cause of action.'  Because Ontiveros had no personal involvement in handcuffing [Plaintiff], Ontiveros's Motion [for Summary Judgment] should be granted on the excessive force claim against him.").

As such, Overstreet is entitled to summary judgment on Plaintiffs' Fourth Amendment excessive force claim and § 1983 wrongful death claim.[8]

---

[8] Even assuming *arguendo* that a constitutional violation could be inferred, Overstreet would be entitled to qualified immunity.  Plaintiffs have not produced evidence that Overstreet used force, much less force that was objectively unreasonable under clearly established law.  *See Dauterive v. Marcal*, No. 22-cv-3067, 2025 WL 3628112, at \*6-9 (E.D. La. Dec. 15, 2025) (granting summary judgment and qualified immunity after concluding no material fact dispute existed and that the officer's use of deadly force was objectively reasonable); *Hodge v. Engleman*, 90 F.4th 840, 845–47 (5th Cir. 2024) (concluding defendants were properly granted summary judgment based on qualified immunity because bodycam footage contradicted plaintiff's claim that the decedent posed no threat, but instead showed

Although Plaintiffs' remaining claims have proceeded against only Officer Overstreet, the Court notes that Plaintiffs' First Amended Complaint names "John Doe" among defendants. (*See* ECF No. 44). However, a John Doe defendant has not been timely identified or served in this action, and should therefore be dismissed.

The events giving rise to Plaintiffs' claims occurred on April 25, 2022. (ECF No. 44 at 5). This case was originally filed on August 31, 2023. (ECF No. 1). Plaintiffs thereafter filed their First Amended Complaint on October 18, 2024. (ECF No. 44). Because a two-year statute of limitations period applies to this case, Plaintiffs' § 1983 claims have expired as of April 2024. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (holding Texas's two-year personal injury limitations period applies to § 1983 claims). Additionally, Rule 4(m) required Plaintiffs to serve any defendant within 90 days after the complaint was filed. FED. R. CIV. P. 4(m). Although dismissal under Rule 4(m) ordinarily is without prejudice, *sua sponte* dismissal with prejudice is appropriate here because the limitations period has expired and

---

the decedent raising his gun at an officer, and thus, the officers' use of deadly force was reasonable and did not violate his Fourth Amendment rights). Without evidence that Overstreet engaged in the conduct alleged—i.e., firing the fatal shot—Plaintiffs cannot meet their burden to overcome qualified immunity. Accordingly, Overstreet is independently entitled to qualified immunity.

14

any proposed amendment naming previously unknown John Doe defendants would not relate back to the filing of the original complaint.

While courts may permit amendment to identify previously unknown defendants, such amendment "either must be made within the applicable limitations period or must relate back to the date of the original complaint; otherwise, it will be time-barred." *See Taylor v. City of Winnfield*, 191 F.R.D. 511, 513–15 (W.D. La. 2000). "[A]n amendment to substitute a named party for a John Doe defendant may not relate back to the filing of the original complaint under Rule 15(c)(3) in order to prevent prescription" because the purpose of the rule "is to allow an amendment changing the name of a party to relate back to the original complaint *only if* the change is the result of an error." *Id.* (emphasis in original) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320–22 (5th Cir.1998)); *see also Canales v. Harris Cnty.*, No. 4:23-cv-04599, 2025 WL 1287735, at *2 (S.D. Tex. May 2, 2025) ("In the Fifth Circuit, the relation-back doctrine does not apply where a plaintiff originally lacked knowledge of the identity of the proper party. Rather, it applies, for example, when a misidentification or misnomer occurs." (citing *Jacobsen*, 133 F.3d at 321)). Additionally, claims against remaining John Doe defendants may be dismissed *sua sponte* based on the statute of limitations if Plaintiffs have pleaded their

15

"best case."[9] *See Vodicka v. Ermatinger*, No. 3:19-cv-0056, 2021 WL 1086979, at *3–4 (N.D. Tex. Mar. 22, 2021).

Here, Plaintiffs have not identified or served any John Doe defendant despite the passage of time since the filing of the original complaint. Because the limitations period has expired, any attempt to substitute named defendants at this stage would be time-barred and would not relate back under Rule 15(c). *See id.* (dismissing claims against John Doe defendants with prejudice because even assuming the plaintiff was able to identify the unnamed defendants, his claims against the John Does were time-barred). Accordingly, the Court recommends that Plaintiffs' claims against the unidentified John Doe defendant(s) should be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion for Summary Judgment (ECF No. 68) be **GRANTED**. The Court further **RECOMMENDS** that:

- Plaintiffs' Fourth Amendment excessive force claim against Defendant Cameron Overstreet be **DISMISSED WITH PREJUDICE**.

---

[9] The Court finds Plaintiffs have alleged their "best case," and have had fair opportunities to make their case given the multiple motions, as well as the Court giving Plaintiffs the opportunity to amend their Complaint, which they did. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) ("'[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.'" (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986))).

- Plaintiffs' § 1983 wrongful death claim against Defendant Cameron Overstreet be **DISMISSED WITH PREJUDICE**.

- Plaintiffs' claims against the unidentified John Doe defendant(s) be **DISMISSED WITH PREJUDICE**.

As such, if this recommendation is adopted, all remaining claims in this action will be resolved and the case should be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 12, 2026.

Richard W. Bennett
United States Magistrate Judge